# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CEDRIC SPEARS (#352089)                                           CIVIL ACTION

VERSUS

WARDEN STEVE RADER, ET AL.                                   NO. 12-0087-JJB-DLD

## R U L I N G

On February 14, 2012, the pro se plaintiff, a prisoner previously confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Steve Rader and the Louisiana Department of Public Safety and Corrections, complaining that his constitutional rights have been violated as a result of the strip search policy implemented at DCI.

By correspondence dated June 12, 2012, the Clerk of Court instructed the plaintiff that he must, within twenty-one (21) days, resubmit his Complaint, identifying the parties where appropriate on the Court's Complaint form. Rec.doc.no. 3. The plaintiff was specifically notified that, "failure to amend the pleadings as indicated will result in the dismissal of your suit by the Court without further notice."

Despite notification of the need to resubmit his Complaint within twenty-one (21) days, the plaintiff has failed to respond to the Court's Order. Instead, the Court's correspondence, forwarded to the plaintiff at his record address, has been returned to the Court as undeliverable because the plaintiff is apparently no longer confined at DCI.

Pursuant to Local Rule 41.2, the failure of a pro se litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. In such instance, the imposition of a

sanction against the plaintiff is appropriate, and a sanction less severe than dismissal is neither feasible nor warranted. Specifically, if the Court were to impose a less severe sanction, there would be no means by which to give the plaintiff notice of the sanction. A sanction which is unknown to the sanctioned party, and for that reason cannot be enforced, is no sanction at all. Accordingly, the plaintiff's claims shall be dismissed for failure to prosecute.

**IT IS ORDERED** that the plaintiff's claims be and they are hereby **DISMISSED,** without prejudice.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this ___6th___ day of August, 2012.

JAMES J. BRADY
**UNITED STATES DISTRICT JUDGE**